UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 14-811-JLS (ANx)  Date:  October 14, 2014
Title:  Pegatron Corp. v. Westinghouse Digital, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

The Court may raise the issue of subject matter jurisdiction at any time, sua sponte.  *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Plaintiff Pegatron Corp. filed the present action on May 23, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Compl., Doc. 1.)  However, it appears that the Court may lack diversity jurisdiction.  Because Defendant Westinghouse Digital, LLC is a limited liability company, the Court must consider the citizenship of each of its members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The citizenship of each of Westinghouse's members has not, however, been alleged.  Plaintiff's Complaint states only that Westinghouse "is a limited liability company organized under the laws of Delaware and has its principal place of business in California."  (Compl. ¶ 5.)

Accordingly, the Court ORDERS Plaintiff to show cause in writing **no later than October 20, 2014**, why this action should not be dismissed for lack of subject matter jurisdiction.  If Plaintiff fails to respond by the above date, the Court will dismiss this action.

Initials of Preparer:  tg