UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-811-JLS (ANx)            Date:  October 22, 2014
Title:  Pegatron Corp. v. Westinghouse Digital, LLC

Present: Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE

   Terry Guerrero                                                    N/A
    Deputy Clerk                                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                    Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DISMISSING ACTION**

      On October 14, 2014, the Court ordered Plaintiff Pegatron Corp. to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  (Order, Doc. 30.)  On October 17, 2014, Plaintiff filed a Reply to the Court's Order.  (Reply, Doc. 31.)[1]  Later that same day, counsel for Defendant Westinghouse Digital, LLC filed a declaration in response to the Order.  (Bradshaw Decl., Doc. 32.)  On October 20, 2014, Plaintiff filed a Supplemental Reply in response to the declaration.  (Suppl., Doc. 33.)  For the reasons stated below, the Court DISMISSES this action for lack of subject matter jurisdiction.

      Plaintiff filed the present action on May 23, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Compl. ¶ 5, Doc. 1.)  As the party invoking the Court's jurisdiction, Plaintiff bears the burden to establishing the existence of subject matter jurisdiction.  *See In re Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001).  At the pleading stage, Plaintiff may satisfy its burden by alleging facts that show a proper basis for jurisdiction.  *See* Fed. R. Civ. Proc. 8(a)(1).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state.  *See* 28 U.S.C. § 1332(a).  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, . . . ."  28 U.S.C. § 1332(c)(1).  A limited liability company,

---

[1] Plaintiff filed its Reply three days before the deadline set in the Order.  The Court therefore assumes that Plaintiff was provided with more than a sufficient amount of time to respond to the Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-811-JLS (ANx) | Date: October 22, 2014 |
| Title: Pegatron Corp. v. Westinghouse Digital, LLC | |

however, is a citizen of every state of which its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In the Complaint, Plaintiff alleges that it is a Taiwanese corporation with its principal place of business in Taiwan. (Compl. ¶ 9.) Thus, according to the Complaint, Plaintiff is a citizen of Taiwan. *See* 28 U.S.C. § 1332(c)(1). Plaintiff further alleges that Westinghouse "is a limited liability company organized under the laws of Delaware and has its principal place of business in California." (Compl. ¶ 5.) As the Court explained in its prior Order, because Westinghouse is a limited liability company, this allegation is insufficient to establish the citizenship of Westinghouse. Thus, the Complaint does not adequately plead a basis for subject matter jurisdiction.[2]

In its Response to the Order, Plaintiff states that it is prepared to amend the Complaint to allege that, "on information and belief, there are no members of [Westinghouse] who are citizens of Taiwan and at least one member of Westinghouse who is a citizen of the United States." (Resp. Ex. A ¶ 6.) This allegation would not, however, be sufficient to invoke the Court's jurisdiction. Plaintiff cannot meet its burden by alleging only the states or foreign states of which Westinghouse's members are not citizens. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (stating that the district court "was concerned about a legitimate issue" when it found a notice of removal insufficient that "merely alleged that [certain defendants] were not citizens of California"). Further, the proposed allegation does not specify whether each of Westinghouse's members is an individual or a business entity. Thus, the Court cannot determine what standards would apply in determining the citizenship of each of Westinghouse's members, much less whether Plaintiff's proposed allegations are sufficient to meet those standards. In sum, neither Plaintiff's Complaint nor proposed

---

[2] In its Response, Plaintiff asserts that Westinghouse "admit[ted] in its Answer to the Complaint that the Court has diversity jurisdiction over this proceeding." (Reply at 2.) "Consent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." *Railway Co. v. Ramsey*, 89 U.S. 322, 327 (1874). Here, the Complaint alleges no facts regarding the citizenship of Westinghouse's members, and thus the Answer admitted no such facts. The Answer agreed with a mistaken legal conclusion, and that mistake is insufficient to invoke the Court's jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 14-811-JLS (ANx) | Date:  October 22, 2014 |
| Title:  Pegatron Corp. v. Westinghouse Digital, LLC | |

amended complaint adequately pleads a basis for subject matter jurisdiction.[3]  Accordingly, the Court DISMISSES this action for lack of subject matter jurisdiction.

Initials of Preparer:  tg

---

[3] The declaration of Westinghouse's counsel also suggests that the Court lacks subject matter jurisdiction over this action.  (*See* Bradshaw Decl.)  However, the Court does not base its dismissal on the facts stated in the declaration.  Rather, this dismissal is based on the deficiencies in Plaintiff's Complaint and proposed amendments to the Complaint.  In its Supplemental Reply, Plaintiff asserts that Court ordered discovery regarding Defendant's citizenship is appropriate because "[Westinghouse] and/or its counsel have made contradicting and inconsistent statements."  (Suppl. at 3.)  Because this Order does not rely on Defendant's counsel's statements, Plaintiff's request for discovery is denied.